UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH PERRY behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br><br><br>ZUCKER, GOLDBERG & ACKERMAN, LLC; and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ELIZABETH PERRY on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, ZUCKER, GOLDBERG & ACKERMAN, LLC (hereinafter "ZUCKER"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in §803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, County of Paassaic, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ZUCKER is a domestic limited liability company with its principal place of business located at 200 Sheffield Street, Suite 301, PO Box 1024, Mountainside, New Jersey 07092-0024.

8. Upon information and belief, Defendant ZUCKER is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant ZUCKER is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent initial letters and/or notices from ZUCKER, concerning a debt owed to Wells Fargo Bank, N.A., which did not contain a validation notice pursuant to 15 U.S.C. §1692g *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A;,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. ZUCKER collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. ZUCKER is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. Sometime prior to March 12, 2013 Plaintiff allegedly incurred a financial obligation to Wells Fargo, N.A. ("Wells Fargo").

18. Wells Fargo is a "creditor" as defined by 15 U.S.C. §1692a(4).

19. Prior to March 12, 2013, Plaintiff became delinquent on the Wells Fargo obligation.

20. On or before March 12, 2013, Wells Fargo referred Plaintiff past due obligation to ZUCKER to begin foreclosure proceedings.

21. On or about March 12, 2103, Wells Fargo mailed a letter to Plaintiff advising her that, "The above loan file has been referred to our attorneys with instructions to begin foreclosure proceedings... If you have any questions, please contact our attorney list below. Zucker, Goldberg & Ackerman...." A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

22. On or about April 3, 2013 Defendant ZUCKER, caused to be delivered to Plaintiff a letter concerning the alleged Wells Fargo obligation. A copy of said letter is annexed hereto as **Exhibit B** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

23. The April 3, 2013 letter was sent or caused to be sent by persons employed by ZUCKER as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24. The letter states, "ZUCKER, GOLDBERG & ACKERMAN, LLC - ATTORNEYS AT LAW."

25. The April 3, 2013 letter states "This Firm (*sic*) is a debt collector."

26. The April 3, 2013 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

27. Upon receipt of the ZUCKER letter dated April 3, 2013, Plaintiff read said letter.

28. The April 3, 2013 letter fails to state the amount of the debt.

29. The April 3, 2013 letter fails to state "...unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

30. The April 3, 2013 letter fails to state "...if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

31. The April 3, 2013 letter fails to state "...upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

## POLICIES AND PRACTICES COMPLAINED OF

32. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit B,** which violate the FDCPA, by inter alia:

    (a) Using false representations or deceptive means to collect or attempt to collect the debt;

    (b) Failing to provide the proper notices in their initial communication with the consumer;

33. On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit B** to at least 30 natural persons in the State of New York.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692e *et seq*.

34. Plaintiff repeats the allegations contained in paragraphs 1 through 33 as if the same were set forth at length.

7

35.     Section 1692e(10) makes it a violation of the FDCPA to the "...use of any false representation or deceptive means to collect or attempt to collect any debt...".

36.     ZUCKER used false representations or deceptive means to collect or attempt to collect the debt by failing to state the amount of the debt.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692g *et seq.*

37.     Plaintiff repeats the allegations contained in paragraphs 1 through 36 as if the same were set forth at length.

38.     Section 1692g(a) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing:

1. the amount of the debt;

2. the name of the creditor to who the debt is owed;

3. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector,

4. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

5. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

39.     Defendants violated Section 1692g(a)(1) of the FDCPA as the April 3, 2013 letter fails to state the amount of the debt.

40.     Defendants violated Section 1692g(a)(3) of the FDCPA as the April 3, 2013 letter fails to state "...unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

41.     Defendants violated Section 1692g(a)(4) of the FDCPA as the April 3, 2013 letter fails to state "...if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

42.     Defendants violated Section 1692g(a)(5) as the April 3, 2013 letter fails to state "...upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

**WHEREFORE,** Plaintiff demand judgment against the Defendant on each count as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney, Joseph K. Jones, Esq. and Benjamin J. Wolf, Esq., as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

      (c)    Issuing a declaratory Order requiring Defendants to make corrective disclosures;

      (d)    Awarding Plaintiff and the Class statutory damages;

      (e)    Awarding Plaintiff and the Class actual damages;

      (f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
       December 19, 2013

                                      */s/ Joseph K. Jones*
                                      Joseph K. Jones (JJ-5509)
                                      Law Offices of Joseph K. Jones, LLC
                                      375 Passaic Avenue, Suite 100
                                      Fairfield, New Jersey 07004
                                      (973) 227-5900 telephone
                                      (973) 244-0019 facsimile
                                      jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                        */s/ Joseph K. Jones*
                                        Joseph K. Jones (JJ-5509)

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 19, 2013

> */s/ Joseph K. Jones*
> Joseph K. Jones (JJ-5509)

# Exhibit A

**WELLS FARGO HOME MORTGAGE**

Return Mail Operations
P.O. Box 10368
Des Moines, IA 50306-0368

March 12, 2013

001433 1 FP 0.433    1433/001433/005143 013 02 AC05II XF004 708

March 12, 2013
Elizabeth A Perry

RE: Loan Number                                    Client
    Primary Number

THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY.  THIS IS NOT A DEMAND
FOR PAYMENT.

The above loan file has been referred to our attorney with instructions
to begin foreclosure proceedings.

You are hereby notified that, due to the default under the terms of
the mortgage or deed of trust, the entire balance is due and payable.

If you have any questions, please contact our attorney listed below.
        Zucker Goldberg&ackerman
        Suite 301
        200 Sheffield Street
        Mountainside, NJ, 07092
        (908)233-8500

In the event you are experiencing an involuntary inability to
pay and wish to explore an opportunity to reinstate, or need
assistance in selling your property, please contact our offices
at (800) 848-9862 and request to speak to one of our Borrower
Counseling Representatives.

If you received a discharge in bankruptcy from personal liability for
this mortgage loan, you should be aware that the mortgage or deed of
trust remains as a valid lien against the property and will be fore-
closed.  Please be advised that in the event of foreclosure, you would
not be personally liable for any part of the debt, but you will lose
your interest in and rights to the property.

Sincerely,

Foreclosure Department

                                                        XF004/(PH



Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.             001433/005143 AC05II 1433 ETM1C001

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt, and however we have a security interest in the property and will only exercise our rights as against the property.

With respect to those loans secured by property located in the state of California, the state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.



# Exhibit

# B

LEONARD B. ZUCKER
MICHAEL S. ACKERMAN
JOEL ACKERMAN*
FRANCES GAMBARDELLA
BRIAN C. NICHOLAS **
STEVEN D. KROL
ERIC SANTOS ***
ANTHONY J. RISALVATO ***
CHRISTOPHER G. FORD
ERIC R. PARKER ****
JANET V. KEYMETIAN *****

*ALSO MEMBER OF NY, PA AND CA BAR
** ALSO MEMBER OF NY AND ME BAR
***ALSO MEMBER OF NY AND PA BAR
****ALSO MEMBER OF NY BAR
*****ALSO MEMBER OF MA AND ND BAR
******MEMBER OF PA BAR ONLY

# ZUCKER, GOLDBERG & ACKERMAN, LLC
## ATTORNEYS AT LAW

200 SHEFFIELD STREET - SUITE 301
P.O. BOX 1024
MOUNTAINSIDE, NJ 07092-0024

TELEPHONE: 908-233-8500
FACSIMILE: 908-233-1390
E-MAIL: office@zuckergoldberg.com

For payoff/reinstatement figures please send your request to :
zuckergoldberg.com/pr

REPLY TO NEW JERSEY ADDRESS

FOUNDED IN 1923
AS ZUCKER & GOLDBERG

MAURICE J. ZUCKER (1918-1979)
LOUIS D. GOLDBERG
(1923-1967)
LEONARD H.
Pennsylvania Office:
P.O. Box 650
Hershey, PA 17033
717-533-3560
fax: 717-533-3562

OF COUNSEL:
SCOTT A. DIETTERICK, ESQ*****
KIMBERLY A. BONNER, ESQ. ******
JAIME R. ACKERMAN, ESQ.

April 03, 2013

Elizabeth A Perry

**Our Client:** Wells Fargo Bank, N.A.
**Property Address:**

Dear Mortgagor(s):

You may have had an unexpected expense or circumstances beyond your control which forced you to miss your mortgage payments. If this is the case, we would like to discuss your situation to determine if there are alternatives available to help you avoid foreclosure. These alternatives are voluntary and can include:

- **Repayment Plan:** You would make your regular payment plus an additional sum each month to bring your loan current over a set period of time.
- **Loan Modification:** A loan modification is a written agreement between you and the lender that permanently changes the terms of the loan. A loan modification can include moving a portion of the arrears to the back of the loan.
- **Deed In Lieu of Foreclosure:** You would transfer ownership of your home to the lender. You would be given a short period of time to move from your home. The mortgage company would not seek any additional money from you.
- **Reinstatement of Your Loan:** You would pay the total amount necessary to bring your loan current (including but not limited to: late fees, taxes advances, legal fees, etc).
- **Pre-foreclosure Short Sale:** This means that you would sell your property prior to the foreclosure. If the price you are going to sell the property at is less than the total due, we may agree to accept the sale proceeds to satisfy some or the entire amount you owe.

*This Firm is a debt collector.*
*We are attempting to collect a debt, and any information obtained will be used for that purpose.*

If you are interested in exploring any of the above options, please forward the below documentation to the Loss Mitigation Dept. at Zucker, Goldberg & Ackerman, LLC via facsimile (908-654-7893), e-mail (homeretention@zuckergoldberg.com) or hardcopy to the attention of the Loss Mitigation Dept.:

- *Hardship letter/Affidavit*
- *Most recent signed Tax returns or Profit and Loss Statement*
- *2 most recent bank statements*
- *Most recent pay stubs, including but not limited to unemployment, social security, social security disability, pension and/or welfare*
- *Most recent utility bill*
- *Form 4506-T (complete line 5, 6, 6A and 9)*
- *Borrower's Authorization*

Please return paperwork to our office within 2 weeks from the date of this letter.

For more information on any of the above options, please contact   Wells Fargo Bank, N.A. Loss Mitigation Department at 800-551-9808

**NOTE:**  Contacting this office or our client will not suspend your obligation to make your mortgage payments. This office will continue all collection and foreclosure activity unless and until a workout plan has been completed and agreed to by our client and you.  *You will be responsible for any and all legal fees and expenses incurred through this action.  Responding to this does not terminate your obligation to timely respond to the Court in the pending Foreclosure action.*  <u>We strongly recommend that you consult an attorney to preserve your legal rights.</u> <u>If you retain an attorney to represent you, please provide us with the name and phone number of your attorney</u>.

Sincerely,
Zucker, Goldberg & Ackerman, LLC

*This Firm is a debt collector.*
*We are attempting to collect a debt, and any information obtained will be used for that purpose.*

,

**Our Client:**
**Property Address:**

Dear Mortgagor(s):

We received your request for a six (6) month forbearance period pursuant to the New Jersey Mortgage Stabilization and Relief Act. You may be eligible for one of the loss mitigation programs set forth below.

You may have had an unexpected expense or circumstances beyond your control which forced you to miss your mortgage payments. If this is the case, we would like to discuss your situation to determine if there are alternatives available to help you avoid foreclosure. These alternatives are voluntary and can include:

- **Repayment Plan:** You would make your regular payment plus an additional sum each month to bring your loan current over a set period of time.
- **Loan Modification:** A loan modification is a written agreement between you and the lender that permanently changes the terms of the loan. A loan modification can include moving a portion of the arrears to the back of the loan.
- **Deed In Lieu of Foreclosure:** You would transfer ownership of your home to the lender. You would be given a short period of time to move from your home. The mortgage company would not seek any additional money from you.
- **Reinstatement of Your Loan:** You would pay the total amount necessary to bring your loan current (including but not limited to: late fees, taxes advances, legal fees, etc).
- **Pre-foreclosure Short Sale:** This means that you would sell your property prior to the foreclosure. If the price you are going to sell the property at is less than the total due, we may agree to accept the sale proceeds to satisfy

If you are interested in any of the above documentation for consideration for a Loan Modification Dept. here at Zucker, Goldberg & Ackerman, LLC:

- *Hardship letter/Affidavit*
- *Most recent signed Tax returns or Profit and Loss Statement*
- *2 most recent bank statements*
- *2 most recent pay stubs, including but not limited to unemployment, social security, social security disability, pension and/or welfare*
- *Most recent utility bill*
- *Form 4506-T (complete line 5, 6, 6A and 9)*
- *Borrower's Authorization*

Please return paperwork to our office within 2 weeks from the date of this letter.

For more information on any of the above options, please contact   Loss Mitigation Department at

**NOTE:**  Contacting this office or our client will not suspend your obligation to make your mortgage payments. This office will continue all collection and foreclosure activity unless and until a workout plan has been completed and agreed to by our client and you.  *You will be responsible for any and all legal fees and expenses incurred through this action.  Responding to this does not terminate your obligation to timely respond to the Court in the pending Foreclosure action.  <u>We strongly recommend that you consult an attorney to preserve your legal rights. If you retain an attorney to represent you, please provide us with the name and phone number of your attorney</u>*.

Sincerely,
Zucker, Goldberg & Ackerman, LLC